## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JEDEDIAH BROWN,

      Plaintiff,

v.

LADEL LEWIS, CANDICE MUSHATT,
JOANNE GURLEY, TERENCE GREEN,
VINCENT VILLAREAL, and OFFICER
ERIC GUY in their official and individual
Capacities,

      Defendants.

Case No. 2:25-cv-11225-MFL-DRG
Hon. Matthew F. Leitman

_____

## DEFENDANTS' MOTION TO DISQUALIFY

Pursuant to E.D. Mich. LR 83.20(f) and (j) and 83.22, MCR 8.126, MCR 9.119, MRPC 7.1, MRPC 7.5, MCL §600.916, and MCL §450.1286, Defendants Ladel Lewis, Candice Mushatt, Joanne Gurley, Police Chief Terence Green, Officer Vincent Villareal, and Officer Eric Guy in their official and individual capacities, move to disqualify Lawrence A. Katz and Lento Law Group, P.C. from representing Plaintiff Jedidiah Brown in this case.

1.      As explained more fully in the brief that supports this motion, this Court should disqualify Mr. Katz and Lento Law Group, P.C. because the Lento Law Group, P.C. may not practice before this Court due to the ethical repercussions of

the suspension of Mr. Joseph D. Lento from the practice of law by the Supreme Court of the Commonwealth of Pennsylvania, and because no local counsel is affiliated with Mr. Katz, who is not a member of the Michigan Bar.

2.     Pursuant to E.D. Mich. LR 7.1 the undersigned hereby certifies that personal contact was made with Lawrence A. Katz on May 20, 2025, requesting concurrence in the relief sought with this motion and that concurrence has been denied.

WHEREFORE, for the reasons identified in this motion and this motion's supporting brief, Defendants respectfully ask this Court to enter an order that directs the following:

A.     grants this motion;

B.     disqualifies Lawrence A. Katz from representing Plaintiff in this case;

C.     disqualifies Lento Law Group, P.C. from representing Plaintiff in this case; and

D.     grants Defendants any additional relief this Court decides is warranted.

Respectfully submitted,

**BUTZEL LONG**, **P.C.**

By: _/s/ Frederick A. Berg_
      Frederick A. Berg (P38002)
      Sheldon H. Klein (P41062)
150 West Jefferson Ave., Suite 100
Detroit, Michigan 48226
(313) 225-7000
berg@butzel.com
klein@butzel.com
Attorneys for Defendants

Dated:  May 22, 2025

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JEDEDIAH BROWN,

     Plaintiff,

v.

LADEL LEWIS, CANDICE MUSHATT,
JOANNE GURLEY, TERENCE GREEN,
VINCENT VILLAREAL, and OFFICER
ERIC GUY in their official and individual
Capacities,

     Defendants.

Case No. 2:25-cv-11225-MFL-DRG
Hon. Matthew F. Leitman

_____

## BRIEF IN SUPPORT OF DEFENDANTS'
## <u>MOTION TO DISQUALIFY</u>

# <u>TABLE OF CONTENTS</u>

QUESTIONS PRESENTED................................................................................... ii

MOST CONTROLLING AUTHORITY .................................................................. iii

INDEX OF AUTHORITIES.................................................................................. iv

INTRODUCTION ................................................................................................ 1

STATEMENT OF FACTS ................................................................................... 2

RULES OF DECISION ....................................................................................... 7

ARGUMENT ...................................................................................................... 8

     I.    This Court should disqualify Lento Law Group for multiple
           reasons................................................................................................ 8

          A.    Because of Joseph Lento's five-year suspension from the
                 practice of law, the Lento Law Group, and attorneys
                 associated with it, may not provide legal services before
                 this Court........................................................................... 8

     II.    This Court should disqualify Lawrence A. Katz because he is
           associated with Lento Law Group and has failed to engage local
           counsel ............................................................................................. 16

CONCLUSION AND RELIEF REQUESTED ......................................................... 17

i

## <u>QUESTIONS PRESENTED</u>

1. SHOULD THE LENTO LAW GROUP, P.C. BE DISQUALIFIED FROM REPRESENTING PLAINTIFF WHEN ITS ONLY EMPLOYEE, JOSEPH D. LENTO, IS SUSPENDED FROM THE PRACTICE OF LAW FOR FIVE YEARS BY THE COMMONWEALTH OF PENNSYLVANIA, YET ADVERTISES HE IS AUTHORIZED TO PRACTICE LAW IN MICHIGAN, AND USES THE LENTO FIRM NAME, WHICH ARE PROHIBITED UNDER MICHIGAN'S RULES OF PROFESSIONAL RESPONSIBILITY, ADOPTED BY THIS COURT IN E.D. MICH. 83.20(j) and 83.22(b)?

   Plaintiff Answers: No
   Defendants Answer: Yes

2. MAY APPEARING COUNSEL LAWRENCE KATZ, WHO IS NOT A MEMBER OF THE MICHIGAN BAR, REPRESENT PLAINTIFF WHILE ACTING AS A CONTRACTOR FOR LENTO LAW GROUP, P.C., AND WITHOUT THE APPEARANCE OF LOCAL COUNSEL FOR PLAINTIFF, WHEN LOCAL COUNSEL IS REQUIRED BY E.D. MICH. LR 83.20(f)?

   Plaintiff Answers: Yes
   Defendants Answer: No

## <u>MOST CONTROLLING AUTHORITY</u>

### <u>Question 1:</u>

Michigan Rules of Professional Conduct 7.1, 7.5, 5.5(c), (d), (e)

MCR 9.119(E)(1), (4)

MCL §450.1286

E.D. Mich. 83.20(j)

E.D. Mich 83.22(b)

*D.H. Overmyer Co., Inc. v. Robson,* 750 F.2d 31, 33 (6th Cir. 1984)

*Debiasi v. Charter Cty. of Wayne*, 284 F. Supp. 2d 760, 770 (E.D. Mich. 2003)

### <u>Question 2:</u>

E.D. Mich. 83.20(f)

MCL §600.916(1)

# INDEX OF AUTHORITIES

Page(s)

Cases

*Biggs-Leavy v. Lewis*,
   Sixth Circuit Case No. 24-1317, 2025 U.S. App. LEXIS 3284 (6th Cir. Feb. 10, 2025) ...................................................................................................................2

*D.H. Overmyer Co., Inc. v. Robson*,
   750 F.2d 31 (6th Cir. 1984) ...................................................................................7

*Debiasi v. Charter Cty. of Wayne*,
   284 F. Supp. 2d 760 (E.D. Mich. 2003) ...........................................................7, 8

*Randle v. Lewis*,
   Sixth Circuit Case No. 24-1888, 2025 U.S. App. LEXIS 10728 (6th Cir. May 1, 2025) ...................................................................................................................2

*Rittenhouse v. Delta Home Improvement (in Re Desilets)*,
   291 F.3d 925 (6th Cir. 2002) .................................................................................7

Statutes

MCL 450.1286 ........................................................................................... 12, 13

MCL §450.1286(1) .........................................................................................13

MCL §600.916(1) ..........................................................................................16

Rules

MCR 8.126(A)(2) ...........................................................................................16

MCR 8.126(C)(1) ...........................................................................................16

MCR 9.119 ......................................................................................................14

MCR 9.119(E) ........................................................................................... 10, 11

MCR 9.119(E)(4) ............................................................................................12

MRPC 1.0 ................................................................................................9

MRPC 5.1-5.6 .........................................................................................9

MRPC 5.4(a) ...........................................................................................9

MRPC 5.5(c), (d) and (e) ................................................................. 6, 11

MRPC 7.1 & 7.5 ........................................................................... 5, 11, 12

MRPC 7.1(a) .........................................................................................11

MRPC 7.5(a) .........................................................................................11

Other Authorities

E.D Mich., LR 83 ................................................... 1,6, 7, 8, 9, 10, 14, 16

## INTRODUCTION

The practice of law is a self-policing profession. By holding a license to practice law, attorneys and judges alike are charged with the uncomfortable task of addressing unethical conduct. Now is such an unfortunate occasion.[1]

Mr. Katz is associated with a New Jersey Law firm: Lento Law Group, P.C. That firm has only one employee, Joseph D. Lento. In 2024, the Supreme Court of Pennsylvania suspended Mr. Lento from the practice of law for five years. Mr. Lento's petition for certiorari in the U.S. Supreme Court was denied.  As a consequence, under pertinent Michigan law, which this Court has adopted in E.D. Mich. LR 83.20(c)(1), Lento Law Group, P.C., and any attorney associated with it, including Mr. Katz, may not appear before this Court. In addition, under E.D. Mich. LR 83.30(f) Mr. Katz may not appear because no qualified Michigan attorney has appeared with him in this matter.

---

[1] A similar motion against Mr. Katz and the Lento Law Group, P.C. was granted on April 8, 2025 by the Genesee County Circuit Court recently in *Biggs-Leavy v. Clemons*, Case No. 24-0000-121781-CZ.  See Exhibits 1 (motion, without exhibits, as the pertinent exhibits are also attached to this brief) and 2 (the court order disqualifying Katz and Lento and dismissing the case).

### STATEMENT OF FACTS

This lawsuit was filed by the Lento Law Group, P.C. ("Lento Law Group").[2]

Mr. Joseph D. Lento, the sole employee of that firm, is suspended from the practice

---

[2] The Lento Law Group and Mr. Katz were counsel in five other Flint related lawsuits in this Court, variously against the City, Flint City Council, Flint's City Clerk, officers of the Flint Police Department and the Flint City attorney, as well as private citizens.  All were dismissed on pre-answer motions, including two suits (numbered 1 and 2 below) in which the plaintiffs were Lento's employees or "staff", Kamryn Randle and Beverly Biggs-Leavy. In cases (1) and (2) this court's decisions were upheld in the Sixth Circuit. See **(1)** *Randle v. Lewis, et al*., E.D. Mich. 23-11370, Sixth Circuit Case No. 24-1888, *Randle v. Lewis*, No. 24-1888, 2025 U.S. App. LEXIS 10728 (6th Cir. May 1, 2025); **(2)** *Biggs-Leavy v. Lewis,* E.D. Mich 23-12123, Sixth Circuit Case No. 24-1317, 2025 U.S. App. LEXIS 3284 (6th Cir. Feb. 10, 2025); **(3)** *Lento Law Firm v. Lewis, et al.*, E.D. Mich. 24-10031; **(4)** *Harris v. City of Flint*, Case No. 24-10417; and **(5)** Mays v. City of Flint et al. 23-12705. Additionally, four lawsuits were filed in the Genesee County Circuit Court, all of which were dismissed after pre-answer motions. **(6)** *Mays and Biggs-Leavy et al. v. City of Flint, et al*., Genesee County Circuit Court GCCC Case No. 23-119292-NZ, (dismissed, appeal dismissed and reinstated, appeal pending); **(7)** *Mays v. Flint City Council,* GCCC Case No. 23-119357; **(8)** *Eric Hakeem Deontaye Mays v. City of Flint, et al.*, GCCC No. 24-130565. The fourth, **(9)** *Biggs Leavy v Donahue*, referred to in fn 1, GCCC No. 24-121781, was dismissed by the order attached as Exhibit 2, on Defendant Flint City Clerk's pre-answer motion to dismiss and a subsequent motion to disqualify Lento.

The facts in this case are curiously similar to cases (1) and (2) above.  Like this case, in those cases the Plaintiffs disrupted Flint City Council meetings, with members of the Lento firm present, and were asked to leave, prompting Lento lawsuits for alleged infringement of the rights of speech and access and other federal and state law rights. Indeed, there are many allegations in the instant complaint cut and pasted from the Biggs-Leavy and Randle complaints. As noted above, both those prior cases were dismissed on motion and both trial court decisions were upheld on appeal.  Importantly, in both prior cases, Lento Law Group's manager, John Groff, was present at the City Council meeting at the time of the Plaintiff's disruption, and he is present in this case as well, recording Plaintiff Brown with his cell phone.  See City of Flint City Council official video at

of law by the Commonwealth of Pennsylvania. The following documents lay out these material facts, which should result in this Court's disqualification of the Lento Law Group and any attorneys appearing under its banner:

A. Lento Law Group, P.C. is a New Jersey professional corporation. Exhibits 3 and 4. It was previously known as Optimum Law Group, Inc., (Exh. 3) and changed its name to "Lento Law Group, P.C.," on January 17, 2020, (Exh. 4).

B. Lento Law Group is also registered in Pennsylvania as a foreign (New Jersey) corporation. Exhibit 5.

C. "Lento Law Firm, LLC" is a different limited liability company registered to do business in the Commonwealth of Pennsylvania. Exhibit 6.

---

https://www.youtube.com/watch?v=BGbZoY9qVUO, at 00:38. Mr. Groff's pervasive presence at and apparent staging of the events underlying this and other Flint governance lawsuits filed by the Lento Law Group is especially troubling considering his seven year sentence for being the ringleader of a 28 person insurance fraud scheme to "stage" "phony" automobile accidents. See New Jersey Office of Insurance Fraud Prosecutor 2001 Annual Report, p. 57-58, available at https://nj.gov/oag/insurancefraud/report/oifp-ar-2001-complete.pdf; Related article at https://www.claimsjournal.com/news/east/2003/09/25/32584.htm. (Exhibit 17). A record of his conviction and seven-year sentence is attached as Exhibit 18.

D.    The Pennsylvania Supreme Court Disciplinary Board, on July 1, 2024, issued a Report & Recommendation that (1) recommended Joseph D. Lento be suspended from the practice of law for five years and (2) made certain findings of fact. Exhibit 7 (the "Recommendation"). The Board found Lento "lacked an ethical compass" and "had no genuine concern for his clients." (cleaned up), Exhibit 7 p. 131.

E.    The Supreme Court of Pennsylvania has suspended Joseph D. Lento from practicing law in Pennsylvania for five years, adopting the Report and Recommendation of the Pennsylvania Disciplinary Board, see (Exhibit 8) ("Pennsylvania Suspension Order")[3] and Joseph D. Lento's Profile Page on the Pennsylvania Supreme Court Website, (Exhibit 9).

F.    The U.S. Supreme Court denied Joseph D. Lento's petition for certiorari seeking to overturn his suspension from the practice of law, Exhibit 10 (copy of relevant U.S. Supreme Court web page).

_____

[3] This was the second time Mr. Lento was suspended in Pennsylvania. See Pennsylvania Supreme Court Order date July 17, 2013, available at https://www.pacourts.us/assets/opinions/DisciplinaryBoard/out/5DB2013-Lento.pdf

G.     Joseph D. Lento is not a member of the Michigan Bar. Exhibit
       11, (search results for "Lento" on the Michigan Bar Website).

H.     The Michigan Attorney Grievance Commission ("AGC") has
       advised that a suspended attorney's name must not be used in a
       law firm's name. Exhibit 12 (*AGC Practice Pointers: The Dos
       and Don'ts While Your Law License Is Suspended*, 95 Mich B J
       65 (Jan 2016)). ("AGC Do's and Don'ts")

I.     The Michigan State Bar has also directed that (1) a suspended
       lawyer's name must not be used in a law firm name, and (2) a
       suspended lawyer must not be a member of a professional
       corporation. Exhibit 13 (*Frequently Asked Questions (FAQs) for
       Lawyers Who Are Suspended, Disbarred, Inactive, or Have
       Resigned From Membership* ("State Bar Disqualified Lawyers
       FAQ")).

J.     The Michigan Rules of Professional Conduct ("MRPC") prohibit
       a lawyer from using a firm name in a manner that (1) materially
       misrepresents a fact or law or (2) omits a fact that is necessary to
       avoid the statement—as a whole—being materially misleading.
       Exhibit 14 (MRPC 7.1 & 7.5).

5

K.      The MRCPs prohibit an attorney suspended from practice from appearing in any Michigan case.  MRPC 5.5(c), (d) and (e), Exhibit 15.

L.      Joseph D. Lento holds himself out as an attorney authorized to practice law in Michigan.  Exhibit 16 (Screen shots of Lento Law Group Flint, Michigan, website, https://www.lentolawgroup.com/flint-michigan, then open drop down "our team" and "attorneys" to find Lento (last accessed 5/22/25)).

M.      This Court has adopted the MRPCs and the rules of the AGC regarding the conduct of attorneys.  E.D. Mich. LR 83.20(j).

N.      Attorneys appearing before this Court submit to the jurisdiction of the AGC and the Michigan Attorney Discipline Board.  E.D. Mich. LR 83.20(j).

O.      This Court prohibits counsel who is not a member of the Michigan Bar from appearing unless local counsel with an office in this district also appears, attends all hearings and has authority to conduct the case. E.D. Mich. LR 83.20(f)(1). No local counsel appears in this case.

P,      Mr. Lento holds the following positions at Lento Law Group: (*a*)
        "managing attorney," Exhibit 7 at p 2, ¶ 9, (*b*) "sole managing
        partner," *Id*. at p 112; (*c*) "majority shareholder," *Id*. at p 3, ¶ 9a;
        and (*d*) "President." *Id*. at p 55, ¶ 281(c).

Q.      "All persons who worked for Lento Law Group were
        independent contractors and received IRS 1099 forms." *Id*. at p
        3, ¶ 9b.   Mr. Katz, who has appeared in this case, is an
        independent contractor of the Lento Law Group.

## RULES OF DECISION

Although "practice before federal courts is not governed by state court rules,"
*Rittenhouse v. Delta Home Improvement (in Re Desilets),* 291 F.3d 925, 928 (6th Cir.
2002), as noted above, this District has adopted Michigan's state court ethics rules.
E.D. Mich. LR 83.22(b)[4]  Also, Federal courts have inherent authority to prevent
individuals from practicing before it.  *D.H. Overmyer Co., Inc. v. Robson,* 750 F.2d
31, 33 (6th Cir. 1984). "A motion to disqualify counsel is the proper method for a
party to bring an alleged breach of ethical duties to the court's attention." *Debiasi v.
Charter Cty. of Wayne*, 284 F. Supp. 2d 760, 770 (E.D. Mich. 2003). In the context

---

[4] "**(b) Standards of Professional Conduct.** The Rules of Professional
Conduct adopted by the Michigan Supreme Court, as amended from time to time,
apply to members of the bar of this court and attorneys who practice in this court as
permitted by LR 83.20. A violation of those rules is ground for discipline."

of an alleged conflict of interest or violation of a duty of confidentiality, "[t]he extreme sanction of disqualification should only be utilized when there is a 'reasonable possibility that some specifically identifiable impropriety' actually occurred, and where the public interest in requiring professional conduct by an attorney outweighs the competing interest of allowing a party to retain counsel of his choice." *Id.* (Citations omitted). If this standard were applied here, disqualification would be proper. However, although Movant is unaware of a case specifically addressing the question, Movant submits that a violation of this Court's rules regarding eligibility to appear before this Court is not subject to balancing, any more than would be the appearance by a person not licensed to practice law. [5]

## ARGUMENT

### I.    This Court should disqualify Lento Law Group for multiple reasons

#### A.    Because of Joseph Lento's five-year suspension from the practice of law, the Lento Law Group, and attorneys associated with it, may not provide legal services before this Court

Disqualification is required here because under Michigan rules, which have been adopted in this District, Joseph Lento is not eligible to practice here, his ineligibility extends to the Lento Law Group, and the ineligibility of the Lento Law

---

[5] Movant recognizes that regarding the issue of appearing without local counsel, under LR 83.11(f)(2), this Court has discretion to waive the local counsel requirements of LR 83.11(f)(1). Such a waiver does not solve the problem Mr. Katz has appearing as a representative of the Lento Law Group, P.C.

Group means that Mr. Katz may not appear on its behalf.[6] In addition, local counsel has not joined with Mr. Katz as co-counsel, contrary to the requirements of the local rules.

    1.    The Lento Law Group and attorneys associated with it are subject to this Court's local rules and disciplinary authority.

Under the Michigan Rule of Professional Conduct 1.0, a "[f]irm' or 'law firm' denotes a lawyer or lawyers in a private firm, lawyers employed in the legal department of a corporation or other organization, and lawyers employed in a legal services organization." See MRPC 1.0 Note on Terminology. A law firm is subject to the disciplinary authority of Michigan through rules of the Michigan Supreme Court. See, e.g., MRPC 5.4(a) (describing when a law firm is allowed to share legal fees with a nonlawyer) and generally MRPC 5.1-5.6, "Law Firms and Associations". This Court has adopted these standards in its local rules, E.D Mich. LR 83.20(j).[7]

---

[6] Mr. Katz has also appeared in most of the other lawsuits described in fn. 2. Defendants do not assert that Mr. Katz has himself engaged in unethical conduct here or in those other cases, other than his association with the Lento Law Group.

[7] "**(j) Consent to Standards of Conduct and Disciplinary Authority.** An attorney admitted to the bar of this court or who practices in this court as permitted by this rule is subject to the Rules of Professional Conduct adopted by the Michigan Supreme Court, as amended from time to time, and consents to the jurisdiction of this court and the Michigan Attorney Grievance Commission and Michigan Attorney Discipline Board for purposes of disciplinary proceedings."

Accordingly, because the Lento Law Group appeared in this Court, it is subject to this Court's disciplinary authority.

2. Because Joseph Lento has been suspended from the practice of law in Pennsylvania, the Lento Law Group and any attorney appearing in its name is not eligible to appear in this Court.

To gain temporary admission to this Court, an attorney must be "in good standing.".   E.D. Mich. LR 83.20(c)(1). For the reasons explained below, Mr. Lento's five-year suspension in Pennsylvania means that not only Mr. Lento, but the Lento Law Group and any attorney appearing under its name likewise is not in good-standing and may not practice in this Court.

To begin, under this Court's Local Rules, the disciplinary rules apply to any "order of discipline," including suspension, imposed by "the Michigan Attorney Discipline Board [or] **a similar disciplinary authority of another state**," E.D. Mich. LR 83.22(a)(1)(emphasis added). Thus, it does not matter that Mr. Lento was suspended in Pennsylvania, rather than Michigan,

Next, both Mr. Lento and Lento Law Group have violated MCR 9.119(E):

An attorney who is . . .suspended. . . [is] forbidden from:

(1) practicing law in any form;

(2) having contact either in person, by telephone, or by electronic means, with clients or potential clients of a lawyer or law firm . . . ;

(3) appearing as an attorney before any court, judge, justice, board, commission, or other public authority; and

10

(4) holding himself or herself out as an attorney by any means. [MCR 9.119(E).]

Applying Rule 9.119(E)(1) and (4), together with MRPC 5.5(c), (d) and (e), attached as Exhibit 15, Mr. Lento is forbidden from practicing law in Michigan "in any form" and "holding himself out as an attorney by any means."

Despite these restrictions, the Lento Law Group and Mr. Lento himself (its managing partner and only employee), are holding themselves out as authorized to provide legal services in Michigan.  Both the Lento Law Group and Mr. Lento are doing so, first, by continuing to identify the firm as the "Lento Law Group."  This squarely runs afoul of the MRPCs and associated guidance. Under MRPC 7.5(a), "a lawyer shall not use a firm name, letterhead or other professional designation that violates [MRPC] Rule 7.1."[8] . The Attorney Grievance Commission ("AGC") advises that when a suspended "attorney's name appears within the law firm name, it will need to be changed and exterior office signs bearing the name must be removed." Exhibit 12 at p 1 (AGC Do's and Don'ts). In addition, "[l]etterheads, business cards, websites, and advertisements may also require updating." *Id*.

The *State Bar Disqualified Lawyers FAQ* advises even more scrutiny of a disqualified attorney's name appearing on a firm's banner:

---

[8] Under MRPC 7.1, a lawyer communication must not "contain a material misrepresentation of fact or law or omit a fact necessary to make the statement considered as a whole not materially misleading," MRPC 7.1(a), (Exhibit 14).

11

15. **As a disqualified lawyer whose name appears in the law firm name, what duties does the disqualified lawyer have regarding the law firm name?**

If the disqualified lawyer's name is in the law firm name, that lawyer has a duty to ensure that communications about the firm name are not false, fraudulent, misleading, or deceptive. See MRPC 7.1 and 7.5. For example, it would be **misleading for the disqualified lawyer to permit continued use of letterhead**, signage, business cards or **internet-based communications** which state or imply the availability of the disqualified lawyer to perform legal services. **A lawyer must take all reasonable measures to alter the content or to discontinue the use of any form of communication that advertises the disqualified lawyer's availability or holds out the disqualified lawyer as eligible to practice law.**

16. **May a disqualified lawyer continue a professional corporation?**

**No. It is the unauthorized practice of law for a disqualified lawyer to be a member of a professional corporation**, which constitutes an improper holding out as authorized to practice law. A professional corporation organized to provide legal services must not include members who are not licensed to provide the professional services offered by the corporation. MCL 450.1286; MCR 9.119(E)(4); SBR 3(A); and SBR 4(C).

[See Exhibit 13 (emphasis added).[9]]

---

[9]    See the entire AGC FAQs at Exhibit 13 and at https://www.michbar.org/file/opinions/ethics/UPL-DisqualifiedLawyersFAQs.pdf. While not as directly applicable, the "Rules Concerning the State Bar of Michigan" cited by State Bar Disqualified Lawyers FAQ 16, SBR 3(A) and SBR 4(C), can be found here: https://www.courts.michigan.gov/4a5778/siteassets/rules-instructions-administrative-orders/rules-concerning-the-state-bar/rules-concerning-the-state-bar-of-michigan.pdf. Although these FAQ sections are not binding authority. they synthesize and provide guidance as to the binding Michigan Rules of Professional Conduct. The guidance documents are offered as persuasive authority for the court.

In addition to the firm name, Joseph Lento is also deceptively holding himself out on the firm's website, including the page dedicated to its Detroit and Flint Michigan offices. Exhibit 16,  That web page, https://www.lentolawgroup.com/flint-michigan, directs users to https://www.lentolawgroup.com/joseph-d-lento.  And, illustrating that truth is sometimes stranger than fiction, the Lento Law Group, using the URL https://www.professionallicensedefensellc.com/, continues to trumpet Mr. Lento's expertise in professional discipline defense.

Similarly, the *State Bar Disqualified Lawyers FAQ* #16 refers to MCL §450.1286, which provides:

(1) Subject to subsection (2), [which deals with suspensions of less than 90 days] **a person that is any of the following shall within a reasonable period sever all employment with and all direct and indirect financial interests in a <u>professional corporation</u>:**

    (a) An individual who is an **officer, shareholder, agent, or employee of a professional corporation** and who **becomes legally disqualified** with **the result that the individual is not a licensed person** in at least 1 of the professional services provided by the professional corporation. [MCL §450.1286(1) (emphasis added).]

Here Lento is the incorporator, Exhibit 3; managing attorney, Exhibit 7, p 2, ¶9; and only employee of Lento Law Group, a New Jersey professional corporation (all other people associated with the firm are contractors, Exhibit 7, p 3, ¶9b. Thus, Lento Law Group may not practice law in Michigan without Mr. Lento as a member in good standing and may not use his name.

Accordingly, because Lento Law Group is violating the Rules of Professional Conduct and Court Rules regarding the authorized practice of law, this Court should disqualify Lento Law Group from practicing law before this Court. The same is true for Mr. Katz, when, as here, he is acting in the name of the disqualified firm.

3.  Lento's New York and New Jersey law licenses do not resolve Lento's ethical obstacles.

The above analysis applies notwithstanding that, for now, Joseph Lento remains licensed in New York and New Jersey, because, as discussed above the strictures of E.D. Mich. LR 83.22(a)(1) and MCR 9.119, apply if a lawyer is suspended in any jurisdiction, not all jurisdictions in which he or she is licensed. In any case, Mr. Lento's New Jersey and New York licensure is likely short lived. Under the New Jersey Rules regarding Discipline of Members of the Bar[10], Section 1:20-20(a), an attorney or firm authorized to practice in New Jersey shall not employ or obtain services from an attorney suspended in any jurisdiction. Under Section 1:20-20(b)(4), the suspended attorney "shall not use any . . . advertisement suggesting that the attorney**, either alone or with any other person, has, owns, conducts, or maintains a law office or office of any kind** . . . , or that the attorney is entitled to practice law."  Both Mr. Lento and the Lento Law Group are in naked violation of these rules.

---

[10] Available at https://www.njcourts.gov/attorneys/rules-of-court

Similarly, under the New York Rules for Attorney Disciplinary Matters, Part 1240.13(a) and (d), and 1240.15(d):

> 1240.13(a) Upon application by a Committee containing proof that a person or firm covered by these Rules has been **disciplined by a foreign jurisdiction**, the Court shall direct that person or firm to demonstrate, on terms it deems just, why discipline should not be imposed in New York for the underlying misconduct….

> 1240.13(d) Any person or firm to whom these Rules shall apply who has been disciplined in a foreign jurisdiction **shall, within 30 days after such discipline is imposed,** advise the appropriate Court . . .  and Committee of such discipline. …  (Emphasis supplied)

> 1240.15(d) **Discontinuation of Attorney Advertising**. Within 30 days of the date of entry of the order of suspension or disbarment, the affected respondent **shall discontinue all public and private notices through advertising, office stationery** and signage, email signatures, voicemail messages, social media, and other methods, that assert that the respondent may engage in the practice of law. (Emphasis supplied.)

> See https://www.nycourts.gov/courts/ad4/clerk/attymttrs/Part-1240-Rules-for-Attorney-Disciplinary-Matters.pdf  (Last accessed May 13, 2025)

Thus, based on the rules of New York and New Jersey, there is reciprocity and Mr. Lento faces suspension in those states as well. For the foregoing reasons, "Lento Law Group, P.C." may not appear in this Court.

**II.** **This Court should disqualify Lawrence A. Katz because he is associated with Lento Law Group and has failed to engage local counsel**

Michigan statutes prohibit the unauthorized practice of law. That prohibition includes the practice by an out-of-state attorney without local counsel:

> A person shall not practice law or engage in the law business, shall not in any manner whatsoever lead others to believe that he or she is authorized to practice law or to engage in the law business, and shall not in any manner whatsoever represent or designate himself or herself as an attorney and counselor, attorney at law, or lawyer, ***unless*** the person is regularly licensed and authorized to practice law in this state. [MCL §600.916(1) (emphasis added).]

Likewise, this Court prohibits an attorney who is not a member of the Michigan Bar from appearing unless he or she is co-counsel with a Michigan licensed attorney with an office in this district and authorized to act on behalf of the client. E.D. Mich. LR 83.20(f):

> **(f) Local Counsel.**
> **(1) General Requirement.** A member of the bar of this court who appears as attorney of record in the district court and is not an active member of the State Bar of Michigan must specify as local counsel a member of the bar of this court with an office in the district. Local counsel must enter an appearance and have the authority and responsibility to conduct the case if non-local counsel does not do so. On application, the Court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel.
> **(2) Appearances of Local Counsel.** Local counsel must attend each scheduled appearance on the case unless the Court, on its own motion or on motion or request of a party, dispenses with the requirement.[11]

---

[11] The Michigan Court rules are similar. Local counsel must be "an attorney who is a member of the [Michigan] Bar," MCR 8.126(A)(2), and "must appear as counsel of record and file a motion asking the tribunal to grant the foreign attorney temporary admission to practice," MCR 8.126(C)(1).

16

Thus, until local counsel appears, and until Mr. Katz is no longer affiliated with the Lento Law Group, Mr. Katz is not authorized to practice law in this Court. Accordingly, this Court should disqualify Katz from representing Plaintiff in this case.

## CONCLUSION AND RELIEF REQUESTED

Lento Law Group has violated this Court's Local Rules, Michigan Court Rules and Michigan Rules of Professional Conduct regarding the unauthorized practice of law. Because of those violations, this Court should disqualify the Lento Law Group from representing anyone in this lawsuit and any cases in this Court.

Further, no local counsel appears in the complaint. This Court, therefore, should disqualify Katz from representing anyone in this lawsuit unless he affiliates with a different law firm and local counsel.

Respectfully submitted,

**BUTZEL LONG**, P.C.

By: */s/ Frederick A. Berg*
　　　Frederick A. Berg (P38002)
　　　Sheldon H. Klein (P41062)
　　150 West Jefferson Ave., Suite 100
　　Detroit, Michigan 48226
　　(313) 225-7000
　　berg@butzel.com
　　klein@butzel.com
　　Attorneys for Defendants

Dated:  May 22, 2025

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 22, 2025, I electronically filed the above document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

**BUTZEL LONG**, **P.C.**

By: *<u>/s/ Frederick A. Berg</u>*
      Frederick A. Berg (P38002)
      Sheldon H. Klein (P41062)
150 West Jefferson Ave., Suite 100
Detroit, Michigan 48226
(313) 225-7000
berg@butzel.com
klein@butzel.com
Attorneys for Defendants