UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

| | | |
|---|---|---|
| JEDEDIAH BROWN<br>Plaintiff, | )<br>)<br>)<br>) | |
| -v- | ) | Case No. 2:25-cv-11225-MFL-DRG |
| | ) | |
| LADEL LEWIS, CANDICE<br>MUSHATT, JOANNE GURLEY,<br>TERENCE GREEN, VINCENT<br>VILLAREAL, and OFFICER GUY<br>in their official and individual<br>capacities,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS FIRST AMENDED COMPLAINT**

Respectfully Submitted,

Dated: May 1, 2026

**HACH ROSE SCHIRRIPA
& REHNS LLP**

*By: /s/ Frank R.Schirripa*
Frank R. Schirripa, Esq.
*Attorney for Plaintiff*
NY Attorney ID: 4103750
(Admitted in the E.D. of
Michigan)
112 Madison Avenue
10th Floor
New York, NY 10016
(T) 212.213.8311
(F) 212.779.0028
fschirripa@hrsrlaw.com

# TABLE OF CONTENTS

ISSUES PRESENTED AND ADDRESSED ........................................................ iii

    Comparison Table: Defendants' Issues vs. Plaintiff's Response ..........................v

INDEX OF AUTHORITIES.......................................................................... vi

    Cases .................................................................................................. vi

    Statutes:.............................................................................................. vii

INTRODUCTION .........................................................................................1

STANDARD OF REVIEW ..............................................................................1

ARGUMENT ................................................................................................2

    I. Plaintiff Has Stated Valid Claims Under §1983 and the First Amendment .......2

    II. Legislative and Qualified Immunity Do Not Apply .........................................5

    III. Plaintiff Has Stated a Valid Claim Under the Michigan Open Meetings Act..8

    IV. Plaintiff Has Stated Valid Tort Claims for Assault and IIED ........................11

CONCLUSION ...........................................................................................14

CERTIFICATE OF SERVICE .......................................................................16

## ISSUES PRESENTED AND ADDRESSED

Plaintiff respectfully submits that each of the issues raised by Defendants in their Motion to Dismiss is addressed and rebutted in this Response Brief. The issues and Plaintiff's corresponding positions are as follows:

1. **Whether Plaintiff's federal claims are barred by Absolute Legislative Immunity?**
   *Plaintiff addresses this in Section II and argues that the conduct at issue was executive in nature and not protected by legislative immunity.*

2. **Whether Count I fails to state a claim for violation of Plaintiff's First Amendment rights?**
   *Plaintiff addresses this in Section I and demonstrates that the retaliatory and viewpoint based-removal violated his First Amendment rights.*

3. **Whether Count II fails to state a claim for conspiracy under 42 U.S.C. § 1985?**
   *Plaintiff addresses this in Section II and argues that the coordinated conduct supports a plausible conspiracy claim.*

4. **Whether Counts I and II fail due to qualified immunity?**
   *Plaintiff addresses this in Section II and argues that the rights violated were clearly established.*

5. **Whether Plaintiff fails to state a claim against Defendants in their official capacities under *Monell*?**
   *Plaintiff addresses this in Section I and II and asserts that the conduct was carried out under color of law and pursuant to municipal policy.*

6. **Whether Absolute Legislative Immunity bars Plaintiff's state law claims?**
   *Plaintiff addresses this in Section II and argues that the state law claims arise from executive conduct.*

7. **Whether Count III fails under the Michigan Open Meetings Act and negligence per se?**

   *Plaintiff addresses this in Section III and asserts that the exclusion from a public meeting was intentional and actionable under MCL § 15.273.*

8. **Whether Count IV fails to state a claim for assault?**
   *Plaintiff addresses this in Section IV and argues that the conduct created a reasonable apprehension of harm.*

9. **Whether Count V fails to state a claim for Intentional Infliction of Emotional Distress?**
   *Plaintiff addresses this in Section IV and asserts that the conduct was outrageous and caused severe emotional harm.*

10. **Whether State law immunity bars Counts IV and V?**
    *Plaintiff addresses this in Section IV and argues that immunity does not apply to intentional torts committed outside the scope of lawful authority.*

**Comparison Table: Defendants' Issues vs. Plaintiff's Response**

| Defendants' Issue Presented | Covered in Plaintiff's Response Brief | Section / Argument |
| --- | --- | --- |
| Legislative Immunity (Federal) | Yes | Section II |
| First Amendment Violation | Yes | Section I |
| §1985 Conspiracy Claim | Yes | Section I & II |
| Qualified Immunity | Yes | Section II |
| Official Capacity / *Monell* | Yes | Section I & II |
| Legislative Immunity (State Law) | Yes | Section II |
| Open Meetings Act / Negligence Per Se | Yes | Section III |
| Assault Claim | Yes | Section IV |
| IIED Claim | Yes | Section IV |
| State Law Immunity | Yes | Section IV |

# INDEX OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal,*
 556 U.S. 662 (2009)........................................................................................2

*Bell Atl. Corp. v. Twombly,*
 550 U.S. 544 (2007)........................................................................................2

*Bible Believers v. Wayne County,*
 805 F.3d 228 (6th Cir. 2015) ......................................................................6, 8

*Biggs-Leavy v. Lewis,*
 No. 24-1317, 2025 WL 451369 (6th Cir. Feb. 10, 2025)............................3, 7

*Bogan v. Scott-Harris,*
 523 U.S. 44 (1998)......................................................................................6, 7

*Crawford v. Tilley,*
 15 F.4th 752 (6th Cir. 2021) ..........................................................................6

*Good News Club v. Milford Cent. Sch.,*
 533 U.S. 98 (2001)..........................................................................................2

*Griffin v. Breckenridge,*
 403 U.S. 88, 102 (1971) .................................................................................7

*Lewis v. LeGrow,*
 258 Mich. App. 175 (2003) ...........................................................................13

*Lowery v. Jefferson Cnty. Bd. of Educ.,*
 586 F.3d 427 (6th Cir. 2009) ..........................................................................3

*Monell v. Dep't of Soc. Servs.,*
 436 U.S. 658 (1978).........................................................................................5

*Odom v. Wayne County,*
 482 Mich. 459 (2008) ....................................................................................13

*People v. Whitney,*
    228 Mich. App. 230 (1998) ...............................................................................4, 9

*Petipren v. Jaskowski,*
    494 Mich. 190 (2013) ........................................................................................13

*Prelesnik v. Esquina*,
    132 Mich. App. 341, 347 (1984) ........................................................................6

*Randle v. Lewis,*
    No. 24-1888, 2025 WL 1262294 (6th Cir. May 1, 2025) ...........................3, 7

*Scott v. Harris,*
    550 U.S. 372 (2007)......................................................................................6, 14

*Smith v. Stolberg,*
    231 Mich. App. 256 (1998) ..............................................................................11

*Speicher v. Columbia Tp. Bd. of Trustees,*
    497 Mich. 125 (2014) .......................................................................................10

**Statutes**

42 U.S.C. § 1983 ........................................................................................................5

42 U.S.C. § 1985 ........................................................................................................7

MCL § 15.263, § 15.273 ....................................................................................8, 9, 11

Michigan Open Meetings Act (OMA)............................................................8, 9, 10

## INTRODUCTION

Plaintiff Jedediah Brown brings this action to vindicate his constitutional and statutory rights after being forcibly removed from a public meeting of the Flint City Council (the "Council"). The First Amended Complaint alleges that Defendants, acting under color of law, violated Plaintiff's rights to free speech, public access, and equal protection, and committed tortious acts including assault and intentional infliction of emotional distress.

Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6), relying on legislative and qualified immunity and arguing that Plaintiff has failed to state a claim. However, Defendants' motion mischaracterizes the nature of the conduct at issue, improperly applies immunity doctrines, and ignores well-pleaded factual allegations that must be accepted as true at this stage. Plaintiff respectfully requests that the Court deny Defendants' motion in its entirety and allow this case to proceed to discovery.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) must be denied unless the complaint fails to state a claim upon which relief can be granted. In evaluating such a motion, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need only contain sufficient factual matter to "state a claim to

1

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Defendants devote substantial portions of their brief to attacking Plaintiff's counsel and referencing other lawsuits filed by unrelated individuals. These comments are irrelevant, speculative and prejudicial. The fact that other individuals have exercised their constitutional right to petition the courts has no bearing on whether Plaintiff's rights were violated by Defendants. Defendants' attempts to paint Plaintiff or his prior counsel as "litigious" is a distraction from the well-pleaded facts and legal issues before the Court.

## ARGUMENT

### I.   Plaintiff Has Stated Valid Claims Under §1983 and the First Amendment

Defendants argue that Plaintiff's removal from the April 28, 2025 meeting of the Council was justified under neutral decorum rules. However, Plaintiff alleges that he was removed without warning, without violating any adopted rule, and in retaliation for protected political speech. These allegations, taken as true, support a claim for viewpoint discrimination in a limited public forum.

The Flint City Council chamber is a limited public forum. Restrictions on speech in such a forum must be reasonable and viewpoint-neutral. *See Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 106–07 (2001). Plaintiff's removal was not based on disruption but on his political association and criticism of Council

2

leadership. Such removal is impermissible under *Lowery v. Jefferson Cnty. Bd. of Educ.*, 586 F.3d 427, 433 (6th Cir. 2009).

Defendants rely heavily on *Biggs-Leavy v. Lewis* and *Randle v. Lewis*, but those cases are distinguishable. In both cases, the plaintiffs were removed after violating clearly stated rules. Here, Plaintiff was removed during procedural limbo, specifically while the meeting was "at ease," without a quorum, and without any individualized warning as required by Rule 29.8. Moreover, other attendees engaged in similar conduct and were not removed, supporting a claim of selective enforcement. *See* Defendants' Exhibit 2, ECF No. 27-3 (Council Rules).

Defendants argue that Plaintiff violated decorum rules by speaking during an "at-ease" period or when quorum was absent. However, the Council Rules and Robert's Rules do not define "at-ease" as a suspension of public rights. Plaintiff reasonably believed the meeting was not in formal session and sought clarification. His speech was not disruptive and occurred during a procedural gap. The selective enforcement of rules, particularly when others were permitted to speak or record, supports a claim of viewpoint discrimination. *See* Defendants' Exhibit 3, ECF No. 27-4 (Robert's Rules excerpts).

The Council Rules do not prohibit speaking during "at ease" status, nor do they authorize removal without a formal decorum ruling. Rule 29.8 requires a determination of a violation, and Rule 1.3 provides for appeal. Plaintiff was removed

3

without any such finding or vote. This procedural failure supports Plaintiff's claim that his removal was arbitrary and retaliatory. Michigan courts have emphasized the importance of procedural fairness in public proceedings. In *People v. Whitney*, 228 Mich. App. 230, 239 (1998), the Court noted that adherence to established procedures is essential to maintaining public confidence and protecting individual rights. *See* Defendants' Exhibit 2, ECF No. 27-3.

Roberts Rules of Order, incorporated by the Council's own rules, define "at ease" as a brief pause in proceedings that does not interrupt the meeting or prohibit quiet conversation. Plaintiff's remarks during this period were calm and political in nature. There was no ruling that he was out of order, and no decorum violation was cited. His removal during "at ease" status was arbitrary and retaliatory. *See* Defendants' Exhibit 3, ECF No. 27-4.

Defendants' own video transcripts show that Plaintiff was calmly seeking clarification about meeting status and requesting additional time and that Plaintiff's speech was focused on political criticism of Council leadership and governance. He did not shout, threaten, interrupt, disrupt proceedings or defy orders. Council members gave conflicting statements about whether the meeting was "at ease" or in session, creating procedural ambiguity. Plaintiff's speech was political in nature, criticizing Council leadership and referencing DOJ oversight. His removal immediately following these remarks supports a plausible claim of viewpoint

4

discrimination under the First Amendment. *See* Defendants' Exhibit 13, ECF No. 27-14 (Transcript of Plaintiff's body cam video); Defendants' Exhibit 6, ECF No. 27-7 (Plaintiff's body cam video).

Plaintiff also alleges that he was denied access to the meeting and prevented from recording in violation of the Michigan Open Meetings Act and the First Amendment's right of access. These allegations are sufficient to state a claim under 42 U.S.C. §1983. Moreover, Plaintiff alleges that the conduct was carried out under color of law and pursuant to municipal policy. As established in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978), a municipality may be held liable under §1983 when the alleged constitutional violation results from an official policy or governmental custom.

Plaintiff's remarks occurred during a period when the meeting was "at ease," a status which, under Robert's Rules and Council practice, does not constitute formal proceedings. No decorum violation was ruled, and Plaintiff was not disruptive. His removal during this ambiguous procedural moment supports a plausible claim of retaliation and viewpoint discrimination. *See* Defendants' Exhibit 3, ECF No. 27-4.

## II.   Legislative and Qualified Immunity Do Not Apply

Defendants argue that legislative immunity bars Plaintiff's federal and state claims. However, ordering the removal of a citizen from a public meeting is not a legislative act; it is an executive or enforcement function. *See Bogan v. Scott-*

5

*Harris*, 523 U.S. 44, 55 (1998). Plaintiff was removed immediately after engaging in political speech critical of Council leadership. No decorum violation was ruled, and no warning was issued. The timing and context of the removal support a plausible inference of retaliation, which violates clearly established First Amendment rights. *See* Defendants' Exhibit 13, ECF No. 27-14 (Transcript of Plaintiff's body cam video) and Defendants' Exhibit 6, ECF No. 27-7 (Plaintiff's body cam video). Defendants were not performing legislative functions, and their actions were not part of the legislative process. *See id.*

The right to be free from viewpoint-based exclusion in a limited public forum was clearly established at the time of Plaintiff's removal. *See Bible Believers v. Wayne County*, 805 F.3d 228, 257 (6th Cir. 2015) (disparate treatment of peaceful advocates violated their First Amendment rights and subjected county to municipal liability). Plaintiff alleges he was removed not for disruption, but for political speech critical of Council leadership. Further, Plaintiff alleges valid tort claims. and "the immunity umbrella is not so wide that it provides protection for intentional torts." *Prelesnik v. Esquina*, 132 Mich. App. 341, 347 (1984). At the motion to dismiss stage, the Court must accept Plaintiff's allegations as true, and "§ 1983 complaints are subject to the same federal rules as any other complaint." *Crawford v. Tilley*, 15 F.4th 752, 765 (6th Cir. 2021). These allegations, taken as true, defeat qualified and legislative immunity at the pleading stage.

6

Plaintiff also alleges a conspiracy among Defendants to deprive him of his constitutional rights, in violation of 42 U.S.C. § 1985(3). To state a claim under §1985(3), a plaintiff must allege that two or more persons conspired to deprive him of equal protection of the laws or equal privileges and immunities, and that the conspiracy was motivated by discriminatory animus. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Whether Defendants acted reasonably or in good faith is a factual question that cannot be resolved without discovery. *See id.* Plaintiff has plausibly alleged a violation of clearly established rights, and qualified immunity should not shield Defendants from further litigation.

Defendants cite *Biggs-Leavy*, No. 24-1317, 2025 WL 451369 (6th Cir. Feb. 10, 2025), and *Randle*, No. 24-1888, 2025 WL 1262294 (6th Cir. May 1, 2025), to argue that legislative immunity applies. However, those cases involved enforcement of clearly defined rules during formal proceedings. Here, Plaintiff was removed during procedural limbo, without quorum, without a decorum ruling, and without any Council vote. The decision to involve armed officers and exclude Plaintiff from the building was executive in nature and falls outside the scope of legislative immunity. *See Bogan*, 523 U.S. at 55. *See also* Defendants' Exhibit 2, ECF No. 27-3 (Council Rules); Defendants' Exhibit 3, ECF No. 27-4 (Robert's Rules excerpts).

Defendants' reliance on *Gravel v. United States* and *Mays v. Fields* is

7

misplaced. Those cases involved aides performing legislative functions. Here, the conduct at issue, including physical removal, threats of arrest, and exclusion from a public meeting, are not legislative acts and fall outside the scope of immunity. *See* Defendants' Exhibit 6, ECF No. 27-7 & Defendants' Exhibit 13, ECF No. 27-14.

Qualified immunity is inappropriate at this stage. Plaintiff has alleged violations of clearly established constitutional rights, including the right to speak in a public forum and the right to be free from viewpoint-based exclusion. *See Bible Believers*, 805 F.3d at 257. Plaintiff alleges that he was removed for political speech, not disruption. These allegations, taken as true, defeat qualified immunity at the pleading stage. *See* Defendants' Exhibit 6, ECF No. 27-7 and Defendants' Exhibit 13, ECF No. 27-14. Whether Defendants acted reasonably is a factual question that cannot be resolved on a motion to dismiss.

## III. <u>Plaintiff Has Stated a Valid Claim Under the Michigan Open Meetings Act</u>

The Michigan Open Meetings Act MCL § 15.263(1) (the "OMA" or the "Act"), guarantees the public's right to attend and record public meetings. It provides that "[a]ll meetings of a public body shall be open to the public," and that "[a]ll persons shall be permitted to attend any meeting except as otherwise provided in this act." The legislative intent of the OMA was to promote open, responsible government and governmental accountability. *See People v. Whitney*, 228 Mich.

App. 230, 249 (1998).

Plaintiff alleges that he was excluded from an open meeting without lawful justification, and that speaker registration was closed prematurely in violation of Rule 29.2 of the Council Rules. These allegations, taken as true, support a plausible claim under the OMA. *See* Defendants' Exhibit 2, ECF No. 27-3 (Council Rules). Defendants argue that the OMA provides exclusive remedies and bars negligence per se. However, Plaintiff does not rely on a negligence theory. Instead, he alleges intentional exclusion from a public meeting, which is independently actionable under MCL § 15.273(1). This provision allows a person to recover actual and exemplary damages against a public official who "intentionally violates" the OMA. Plaintiff's exclusion and the threat of arrest upon reentry were intentional acts that deprived him of statutory rights. *See* Defendants' Exhibit 6, ECF No. 27-7 (Plaintiff's body cam video); Defendants' Exhibit 13, ECF No. 27-14 (Transcript of body cam video).

The presence or absence of a quorum does not negate the public's right to attend and record a meeting. The OMA applies to all portions of a meeting that are open to the public, regardless of whether official business is being conducted. *See* MCL § 15.263(1). Plaintiff was removed while the meeting was still in progress and was threatened with arrest if he attempted to reenter. These facts support a claim of intentional exclusion under the OMA. *See* Defendants' Exhibit 6, ECF No. 27-7;

9

Defendants' Exhibit 13, ECF No. 27-14.

Defendants' own exhibits confirm that the meeting was publicly noticed, convened, and conducted in the Council chambers. Plaintiff was present, registered to speak, and had already participated in public comment. His removal occurred during a procedural pause, not a closed session or adjournment. The OMA does not permit exclusion of a member of the public absent disruption or violation of law. Plaintiff's peaceful presence and political speech do not meet that threshold. *See* Defendants' Exhibit 4, ECF No. 27-5 (Council meeting video 1); Defendants' Exhibit 5, ECF No. 27-6 (Council meeting video 2). The Michigan Supreme Court has emphasized that exclusion from public meetings violates the OMA. *See Speicher v. Columbia Tp. Bd. of Trustees*, 497 Mich. 125, 128 (2014).

Defendants' argument that the OMA does not apply due to lack of quorum is legally unsupported. The Act does not condition public access on the presence of quorum. So long as the meeting is open and convened, the public retains the right to attend and record. Plaintiff's removal and the threat of arrest upon reentry violated this right. *See* Defendants' Exhibit 3, ECF No. 27-4 (Robert's Rules excerpts).

Moreover, the Council Rules and Robert's Rules of Order do not override the statutory protections of the OMA. Even if the Council believed Plaintiff had violated internal procedures, this does not justify exclusion absent a lawful basis under the Act. Plaintiff was not disruptive, did not receive a decorum warning, and was not

subject to a formal finding of disorderly conduct. His removal was arbitrary and retaliatory. *See* Defendants' Exhibit 2, ECF No. 27-3 and Defendants' Exhibit 3, ECF No. 27-4. The threat of arrest upon reentry further underscores the deliberate nature of the exclusion. These facts support a claim for exemplary damages under MCL § 15.273(1), and the claim should proceed to discovery. *See* Defendants' Exhibit 6, ECF No. 27-7; Defendants' Exhibit 13, ECF No. 27-14.

## IV.     Plaintiff Has Stated Valid Tort Claims for Assault and IIED

Under Michigan law, assault is defined as "any intentional unlawful offer of corporal injury to another person by force, or force unlawfully directed toward the person of another, under circumstances which create a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact." *Smith v. Stolberg*, 231 Mich. App. 256, 260 (1998). Plaintiff alleges that he was physically threatened, corralled, and touched by armed officers despite complying with orders. Defendants submitted the current Flint Police Department Response to Resistance Policy (Exhibit 14, ECF No. 27-15), which expressly prohibits the use of force once compliance is achieved. Plaintiff alleges that he complied with all directives yet was physically corralled, threatened with arrest, and excluded from the building.

The transcript of Plaintiff's body cam video (Exhibit 13, ECF No. 27-14) shows that Chief Green escalated from verbal instructions to "get off the mic" to

"get out," despite Plaintiff's compliance and requests for clarification. Plaintiff did not resist, raise his voice, or engage in disruptive conduct. The escalation and Plaintiff's physical removal, despite compliance, support a reasonable apprehension of harm. These actions violated departmental policy and support Plaintiff's claims of excessive force and assault.

The Flint Police Department's Response to Resistance Policy (Exhibit 14, ECF No. 27-15) requires officers to use de-escalation techniques and the least amount of force necessary. Plaintiff was compliant, non-threatening, and seeking clarification. The officers' conduct, including threats of arrest, physical removal, and exclusion, violated departmental policy and supports Plaintiff's claims for assault and intentional infliction of emotional distress ("IIED").

Defendants rely on hallway surveillance videos to argue that Plaintiff was not physically touched or threatened. However, these videos lack audio and context and do not capture the full scope of the interaction. Plaintiff's own body cam footage, Exhibit 6 (ECF No. 27-7), includes verbal threats and physical proximity that support a reasonable apprehension of harm. Defendants' hallway cam videos, Exhibit 7 (ECF No. 27-8) and Exhibit 8 (ECF No. 27-9), show Plaintiff being escorted without resistance or aggression. There is no physical struggle, no threatening gestures, and no justification for force. Plaintiff's own body cam video, Exhibit 6 (ECF No. 27-7), shows his verbal compliance. These recordings support

12

Plaintiff's claim that the officers' conduct was excessive and retaliatory.

Plaintiff also sufficiently pleads a claim for IIED. The context of political speech in a public setting, and the disproportionate response, amplifies the severity of the conduct. The use of armed officers to silence a peaceful speaker at a public meeting is intentionally extreme and outrageous conduct that caused Plaintiff severe emotional distress. *See Lewis v. LeGrow*, 258 Mich. App. 175 (2003). "Where reasonable minds may differ, whether a defendant's conduct is so extreme and outrageous as to impose liability is a question for the jury." *Id.* at 197.

Defendants' reliance on governmental immunity is misplaced. Michigan courts have held that governmental immunity does not shield officials from liability for intentional torts committed with malice or outside the scope of their authority. *See Odom v. Wayne County*, 482 Mich. 459, 473 (2008); *see also Petipren v. Jaskowski*, 494 Mich. 190, 206 (2013). Plaintiff has alleged facts showing that Defendants acted with retaliatory intent and outside the bounds of lawful authority. These allegations are sufficient to overcome immunity at the pleading stage.

Although the cited video evidence bolsters Plaintiff's claims and support his allegations of intimidation and emotional harm, Defendants' reliance on this evidence is premature. At this stage, the Court must accept Plaintiff's allegations as true and cannot resolve factual disputes based on selective video excerpts. Even at summary judgment, video evidence may only be considered when it clearly

13

contradicts a party's version of events. *See Scott v. Harris*, 550 U.S. 372, 378 (2007). Factual disputes about tone, intent, and perception cannot be resolved at the motion to dismiss stage.

Defendants' extensive reliance on video exhibits and procedural defenses prior to discovery suggests a desire to avoid factual development. Plaintiff respectfully submits that discovery is necessary to evaluate Defendants' intent, communications, and internal procedures, which are central to the claims. This preemptive evidentiary posture, combined with the absence of sworn testimony or factual development, suggests a reluctance to allow the transparency that discovery would bring. Plaintiff respectfully submits that the factual record should be developed through discovery, where the full context of Defendants' conduct, communications, and intent can be properly evaluated. The factual record must be developed before the Court can assess the reasonableness of Defendants' conduct or the applicability of immunity defenses. Plaintiff has stated plausible claims for relief under both federal and state law, and the case should proceed to discovery where the factual record can be properly developed.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss in its entirety.

14

**DATED: May 1, 2026**

Respectfully Submitted,

**HACH ROSE SCHIRRIPA
& REHNS LLP**

*By: /s/ Frank R.Schirripa*
Frank R. Schirripa, Esq.
*Attorney for Plaintiff*
NY Attorney ID: 4103750
(Admitted in the E.D. of
Michigan)
112 Madison Avenue
10th Floor
New York, NY 10016
(T) 212.213.8311
(F) 212.779.0028
fschirripa@hrsrlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2026, I electronically filed the foregoing Plaintiff's Response to Defendants' Motion to Dismiss First Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

**HACH ROSE SCHIRRIPA & REHNS, LLP**

*By: /s/ Frank R.Schirripa*
Frank R. Schirripa, Esq.
Attorney for Plaintiff
fschirripa@hrsrlaw.com

16