**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEDEDIAH BROWN,

      Plaintiff,

v.

LADEL LEWIS, CANDICE MUSHATT,
JOANN GURLEY, TERENCE GREEN,
VINCENT VILLEREAL, and ERIC GUY, in
their official and individual capacities,

      Defendants.

Case No. 2:25-cv-11225-MFL-DRG

Hon. Matthew F. Leitman

Magistrate Judge David R. Grand

---

**DEFENDANTS' REPLY IN SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFF'S FIRST**
**AMENDED COMPLAINT PURSUANT TO**
**<u>FED. R. CIV. P. 12(b)(6) [ECF 27]</u>**

Defendants Flint City Council President Ladel Lewis, Flint City Council Member Candice Mushatt, City of Flint Police Officers Vincent Villereal and Eric Guy, City of Flint Police Chief Terence Green, and Flint City Attorney JoAnne Gurley (collectively, "Defendants"), in their official and individual capacities, submit this reply to Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss First Amended Complaint (ECF 42).[1] The reasons this case should be dismissed are addressed in the Motion. To avoid repetition, this Reply will address only a few of the arguments raised in the Response.

## I. PLAINTIFF HAS NOT ALLEGED A FIRST AMENDMENT VIOLATION OR IDENTIFIED CLEARLY ESTABLISHED LAW

To survive dismissal, Plaintiff must satisfy two prongs: (i) that the First Amendment was violated and (ii) that the violation was clearly established, as defined by the Supreme Court. These prongs may be addressed in any order. *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S.Ct. 808, 818 (2009). Here, Defendants begin with the clearly established prong.

---

[1] This Reply will refer to Defendants' Motion as "Motion," Plaintiff's Opposition as "Response" and this document as "Reply." For brevity, the ECF # will not be referenced after the initial citation. However, Exhibits to the Motion will be identified by ECF #.

## A. The Alleged First Amendment Violation Was Not Clearly Established

The rigorous requirements needed to establish that Plaintiff's rights were violated under clearly established law were addressed in the § III D of the Motion, PageIDs 618-620.  Generalized statement of abstract principles are not sufficient. Instead, Plaintiff must identify controlling law that "squarely govern[] the specific facts at issue." *City of Escondido v. Emmons*, 586 U.S. 38, 43, 139 S. Ct. 500, 503 (2019).

Here, the entirety of Plaintiff's clearly established argument is that "[t]he right to be free from viewpoint-based exclusion in a limited public forum was clearly established at the time of Plaintiff's removal." Response, PageID.869.  But the relevant question here turns not on that abstract principle, but the particulars of Plaintiff's conduct and, read most generously to Plaintiff, arcane questions regarding, among other things. the status of the meeting under Roberts' Rules, the application of the Orderly Conduct Rules to that meeting status, and whether the Council could maintain order even if there was not a specific rule governing the situation. Indeed, the Response acknowledges on the specific facts, there was "procedural ambiguity." Response, PageID.867.

Because, Plaintiff has not and could not point to controlling authority putting all or any of the Defendants on notice there their decisions violated the First

2

Amendment under the specific facts confronting them, the First Amendment claim is barred by qualified immunity.

### B. Defendants Did Not Violate Plaintiff's First Amendment Rights

Plaintiff alleges that he has his retaliation claim is plausible because he was removed "immediately following" a political speech critical of City leadership. Response, PageID.867 - 868. But, as explained in the Motion (see generally, PageIDs.596 – 598 and 600-601), it is simply not true that we was removed immediately, or in any relevant sense proximately, to his political speech. The Orderly Conduct Rules allow for a public comment period, during which a speaker can speak once, for not more than three minutes. ECF 27-3; PageID.650-51, Rules 29.2—29.4.  Plaintiff made his "political speech" in accordance with those rules and without interruption or interference. Several others made political speeches critical of the City during the public comment period, again without interruption or interference. Then, after the public comment period had ended, Plaintiff went to the podium and sought to give a second speech. He, and all attendees, were told that that Rule did not allow for a second speech.  ECF 27-12 PageID.668-69. Plaintiff was told to leave the podium and comply with the rules, but he did not leave or cease his conduct. ECF 27-14 PageID.683. Only then was he removed. Further, immediately before Plaintiff sought to speak a second time, another speaker sought to speak a second time, was told that it was contrary to Council Rules, complied and was not

removed.   ECF 27-13 Page.ID 677-78. On these facts, any retaliation claim is implausible.

Plaintiff's attempt to distinguish recent,  and related, Sixth Circuit opinions, *Biggs-Leavy v. Lewis*, No. 24-1317, 2025 U.S. App. LEXIS 3284 (6th Cir. Feb. 10, 2025) and *Randle v. Lewis*, 2025 U.S. App. LEXIS 10728 (6th Cir. May 1, 2025) (discussed in the Motion, PageID 608-610) is unavailing. He argues that in those two cases, the application of the Rules was clear. Response PageID.686.  But there is nothing in either of these opinions that addresses the clarity of the Orderly Conduct Rules at issue in those cases.  Indeed, in *Randle,* plaintiff alleged, as Mr. Brown does here, that she was removed from a meeting for conduct that she alleged was not prohibited by the Orderly Conduct Rules.[2] Thus, Plaintiff has failed to plausibly allege a First Amendment violation.

## II.   ABSOLUTE LEGISLATIVE IMMUNITY BARS THE CLAIMS

Plaintiff argues that his claims are not barred by absolute legislative immunity for three reasons: first, because Defendants violated his First Amendment rights, second because immunity does not apply to intentional torts, and third because enforcing Orderly Conduct rules is not a legislative function. Response, PageID.869.

---

[2] *Randle v. Lewis*, 2:23-cv-11370, Amended Complaint ECF No. 22, ¶¶176 - 178, PageID 490.

The first argument is a non-sequitur – by definition immunity applies to conduct that would be actionable absent immunity. Further, retaliation turns on motive and legislative immunity bars any inquiry into motive. Motion at PageID.605.

For his second argument Plaintiff cites only *Prelesnik v. Esquina*, 132 Mich. App. 341, 347 (1984), which addressed state law legislative immunity. The case does not support Plaintiff. *Prelesnik* held that legislative immunity barred a prison superintendent's claim that defendant, an ombudsman for the Michigan Legislative Council, had defamed him in information gathered and transmitted for legislative purposes. *Id.* at 347 – 348. In doing so, the court recognized the Michigan legislative immunity law paralleled its federal counter-part. The Court held that immunity might not apply to information transmitted to the press, which is irrelevant here.

Further, plaintiff's argument that the conduct at issue here "is not a legislative act" is contrary to controlling law, as summarized by the Sixth Circuit in *Biggs-Leavy* (discussed in the Motion are PageID 604-605).  As stated most recently in March by the 10th Circuit, "the establishment and enforcement of rules of decorum for legislative proceedings fall within the sphere of legitimate legislative activity." *Gays Against Groomers v. Garcia*, 169 F.4th 981, 990 (10th Cir. 2026).

Finally, Defendants note that absolute legislative immunity protects all defendants and all claims, See Motion, PageID.605-606.

5

## CONCLUSION

For the foregoing reasons, and those set forth in the Motion, Defendants submit Plaintiff's Amended Complaint fails to state a cause of action. Defendants respectfully request that this Court dismiss Plaintiff's Complaint in its entirety, with prejudice, pursuant to Fed.R.Civ.P. 12(b)(6).

*Respectfully submitted,*

BUTZEL LONG, PC

By: /s/ *Frederick A. Berg*
       Frederick A. Berg (P38002)
       Sheldon H. Klein (P41062)
       Laura S. Faussié (48933)
       Attorneys for Defendant
       150 W. Jefferson Suite 100
       Detroit, MI 48226
       (313) 225-7000
       berg@butzel.com
       klein@butzel.com
       faussie@butzel.com

Dated: May 14, 2026

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 14, 2026, I electronically filed the above document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

By: */s/ Frederick A. Berg*
Frederick A. Berg (P38002)
berg@butzel.com